1. GUARDIAN—REFUSAL TO PAY OVER MONEYS OF THE WARD—PUNISHMENT.
    A guardian will not be punished for contempt in refusing to pay over moneys found due on an accounting, where the money was used in support of her household in which the ward lived, and where she is without money, and has offered all her property and household effects in payment, and where her health is such that confinement would be injurious to her.

2. SAME—COMMITMENT FOR CONTEMPT.
    The court will refuse to commit a guardian for contempt for noncompliance with an order directing her to pay moneys of the ward, on a showing which would entitle her to a release from confinement for noncompliance with such order on the ground of her inability to comply with it.

In the matter of the guardianship of Michael Lothringer, an infant, an accounting was had, and Carrie Lothringer (now Franz), the guardian, was directed to pay over a balance due. On application for an order to show cause why the guardian should not be punished for contempt in refusing to make the payment theretofore directed to be made. Denied.

Charles W. Newton, for infant.

Hammond & Hammond, for guardian.

MARCUS, S. This is an order to show cause why a guardian should not be punished for contempt in disobeying a decree heretofore granted directing the payment of certain moneys. Upon an accounting heretofore had, this court found a certain sum of money to be due the petitioner from his guardian. The guardian is a sister of the petitioner. Upon the accounting a cheerless and doleful condition of feeling was exhibited in this court, by the testimony produced, between orphan brother and sister, that did little credit to their relationship and kindred. A balance, however, was found due the petitioner by his sister, the guardian, and a decree was made directing the payment to him of such sum. This the guardian has not done, and this order for contempt in disobeying that decree, with a request that she be committed to jail, is now prayed for.

No commitment will issue, and these proceedings are dismissed. I thoroughly realize the danger of leniency to be extended to those who ordinarily abuse a trust so sacred as caring for the money of an infant. When such funds are misappropriated, none can complain if the law, or a court, lays a heavy hand upon them. "It is a kind of robbery, to which the courts ought not to lend even tacit encouragement, but rather administer emphatic rebuke. No language of condemnation is too strong for the case." I am, however, satisfied that the circumstances are sufficient in this case to entitle the guardian to a charitable consideration, and to all the leanings in her favor. Nor do I think her conduct reprehensible enough to call for stringent discipline on the part of this court. The claim of the guardian is that this money was used in support of the household in which the petitioner lived, together with her and her sister; and while that claim was insufficient, in the law, to protect her from being in her ward's debt, I am satisfied that it is sufficient to protect her from being sent to jail, in the exercise of my discretion. She has no money, and has offered all her household effects, and everything that she possesses, though of little value, to the payment of this sum, which it seems has not been accepted; nor has any execution been issued against her property. Her physicians say she is frail in health and constitution, and has nervous troubles and weak lungs, and that confinement in jail would be injurious to her at this time. I do not believe she should be punished for not doing that which she cannot do. I am further satisfied to refuse this application since I believe that, if this guardian were actually in confinement for disobedience to a decree here sought to be enforced, and was now asking to be discharged because of her inability to obey its directions, her application would commend itself to the approval of the court.

Decreed accordingly.